Richard L. Weiner (State Bar No. 123243)
Law Office of Richard L. Weiner
27240 Turnberry Lane, Suite 200
Valencia, California  91355

Telephone:  (661) 362-0860
Facsimile:    (661) 362-0861

Attorneys for Plaintiff
Miriam Benzicron

**NOTE COURT'S CHANGES AT PARAGRAPH 5**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM BENZICRON,<br><br>              Plaintiff,<br><br>        vs.<br><br>JULIAN LEDESMA, an Individual, doing business as The Sweat Shop, The Sweat Shop L.A. and/or Sweat Shop; SHAMINA ALIKHANI, an Individual, doing business as The Sweat Shop, The Sweat Shop L.A. and/or Sweat Shop; THE SWEAT SHOP GROUP, LLC, a California Limited Liability Company, doing business as The Sweat Shop, The Sweat Shop L.A. and/or Sweat Shop,<br><br>              Defendants.<br>_____<br>AND RELATED COUNTER-CLAIMS<br>_____ | **CASE No. CV 13-04537-CAS (MRW)**<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL** |

1

## JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

The parties hereby submit the following Joint Stipulation and Protective Order Governing Confidential Material:

1.      This Stipulation and Order governs the handling of documents, deposition testimony, interrogatory answers and admissions, in whatever form, filed with the Court by a party and/or disclosed by any party in the course of discovery conducted pursuant to the Federal Rules of Civil Procedure in this action (collectively referred to herein as "Confidential Material").

2.      The purpose of this Stipulation and Order is to provide an efficient, effective and practicable means for the parties to designate sensitive non-public information and to provide appropriate safeguards of the confidentiality of such information. For this purpose, the parties have agreed to classify discovery materials into "protected categories" and "other material."   For purposes of this Stipulation and Order, "protected categories" that are involved in this case shall include, but not be limited to, all confidential business information and records of Mimi Benzicron, The Sweat Shoppe Group, LLC, Julian Ledesma, Shamina Alikhani and The Sweat Shop Group, LLC. "Attorneys' Eyes Only Material" shall include those Protected Categories of information the release of which to the opposing party might cause irreparable business damage.

3.      If a party filing documents with the Court and/or responding to a discovery request believes in good faith that information otherwise required to be filed and/or disclosed should be protected, and can be adequately protected by the means herein provided, the record of such discovery material shall be marked:

**"CONFIDENTIAL MATERIAL SUBJECT TO**

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

1    **PROTECTIVE ORDER OF THE COURT."**

2    If a party believes that confidential material might cause irreparable

3    business harm if released to the opposing party, the record of such

4    discovery material shall be marked:

5    **"ATTORNEYS' EYES ONLY MATERIAL SUBJECT TO**

6    **PROTECTIVE ORDER OF THE COURT."**

7         4.    If the responding party believes that information elicited by

8    questions posed at a deposition should be entitled to protection, that

9    person may designate the information sought to be elicited, and, as

10   appropriate, exhibits offered in the course of such examination as

11   "protected" or "Attorneys' Eyes Only" under the terms of this Stipulation and

12   Order. In that event:

13        4.1   Such portions of the deposition shall be conducted solely

14        that only those persons entitled under this Stipulation and Order

15        to have access to protected information shall be present.

16        4.2.   Any transcript containing material designated as

17        "protected" shall be marked on its cover and on each page

18        containing protected information with the legend:

19        **"CONFIDENTIAL MATERIAL SUBJECT TO**

20        **PROTECTIVE ORDER OF THE COURT."**

21        Any transcript containing Attorneys' Eyes Only Material shall be

22        marked on its cover an on each page containing Attorneys'

23        Eyes Only information with the legend:

24        **"ATTORNEYS' EYES ONLY MATERIAL SUBJECT TO**

25        **PROTECTIVE ORDER OF THE COURT."**

26

27        At the election of any party, protected testimony may be bound

28        in a separate booklet or may be bound with the remainder of

1   the deposition. In either event, the cover page of any deposition

2   transcript containing protected materials shall be marked with

3   the above-quoted legend.

4       4.3   If protected deposition testimony is to be lodged with the

5   clerk, the transcript or protected excerpts of that testimony shall

6   be lodged under seal as herein provided.

7

8       5.   If protected information is to be lodged or filed with the Court in

9   connection with any proceeding in this action, that material, including any

10  memorandum or brief containing protected material or information, shall be

11  marked with the legend above-quoted, and when filed, shall be

12  accompanied by an application requesting that the materials be filed under

13  seal as required by Local Rule 79-5.

14      6.   All protected Confidential Material obtained by any party shall

15  be used only in preparation for trial of this litigation, and shall not be used

16  for business, competitive or other non-litigation purposes.

17      7.   Protected Confidential Material shall be disclosed only to the

18  following persons:

19      7.1   The parties and their outside counsel who are actively

20  engaged in the preparation of this action for trial, and the

21  regular and temporary employees who assist counsel in the

22  conduct of such action, including employees of any firm

23  retained to reproduce the discovery material for use in

24  accordance with this Stipulation and Order. "Attorneys' Eyes

25  Only" information shall not be disclosed to the opposing party.

26  All Protected Material shall be during the litigation kept and

27  maintained by the outside attorney and no copies or originals

28  shall be given to the parties;

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

7.2    The Court in accordance with the terms of this Stipulation and Order;

7.3    The Court Reporter employed in this action and a witness at a deposition in this action;

7.4    Qualified experts duly designated as expert witnesses by a party;

7.5    Qualified experts retained by counsel to advise and assist in trial preparation efforts; and

7.6    Any other person as to whom the parties in writing agree.

8.    Before the disclosure of any protected Confidential Material to any person described in this Order, other than those persons referenced in Paragraph 7.1, 7.2, or 7.5, the party proposing to disclose such material shall give to all other parties thirty (30) days notice in writing of such intent to disclose and shall thereafter refrain from disclosing the protected material during that thirty (30) day period of time. The written notice shall include the name, address and profession of the person to whom such disclosure is intended to be made. Upon receipt of a written notice proposing to disclose protected material, any party shall have thirty (30) days from the date of the receipt of such notice to file a motion for a protective order. The protected material shall remain confidential and the party proposing to disclose shall not disclose such information unless and until a court rules in favor of disclosure.

9.    Each person identified in this Order shall not have protected Confidential Material revealed to him or her unless and until such person executes an "Acknowledgement of Protective Order" in form and substance identical to Exhibit "A" attached hereto and incorporated herein by this reference.

10.     This Stipulation and Order is without prejudice to the right of any party to seek further or additional protections of information not presently in issue, for which the protections of this Order are not believed by such party to be adequate. Nothing in this Stipulation and Order shall be deemed to bar or preclude any party from seeking such additional protection, including, without limitation, an order that such matter may not be discovered at all.

11.     Neither the taking of any action in accordance with the provisions of this Stipulation and Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, failure to designate information as protected in accordance with the provisions of this Stipulation and Order, or the failure to object to such designation at any given time shall not preclude filing at a later date of a motion seeking to impose such designation or challenging the propriety thereof. The entry of this Stipulation and Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

12.     This Stipulation and Order shall have no effect upon, and its scope shall not extend to, any party's use of its own confidential or "protected" Confidential Material, nor shall it apply to information in the public domain or obtained by any party by means other than discovery in this litigation.

13.     Upon conclusion of this litigation, all "protected" Confidential Material obtained by any party or any non-party shall be returned to the producing party.

14.     All "protected" Confidential Material previously produced shall be treated in accordance with the terms of this Stipulation and Order, and

1 each party shall have thirty (30) days from the entry of the Stipulation and

2 Order in which to claim protection for material already produced in

3 response to discovery requests.

4       15.    If any dispute as to the interpretation and/or enforcement of this

5 Order, the prevailing party shall be entitled to recover reasonable costs and

6 attorneys' fees.

7 DATED: January 27, 2014                LAW OFFICE OF

8                                           RICHARD L. WEINER

9

10                                   By:    */s/ Richard L. Weiner*

11                                           Richard L. Weiner

                                          Attorneys for Plaintiff

12                                           Miriam Benzicron

13

14                                 NEWMAN DU WORS LLP

15

16                                   By:    */s/ John Du Wors*

17                                         John Du Wors

                                        Attorneys for Defendants

18                                         Julian Ledesma, Shamina

19                                         Alikhani, and

                                        The Sweat Shop Group, LLC

20

21                              **ORDER**

22      **IT IS SO ORDERED:**

23                              **/s/ Judge Wilner**

24 **DATED: Feb. 21, 2014**       _____

25                              **HON. MICHAEL R. WILNER**

                             **U.S. MAGISTRATE JUDGE**

26                                **UNITED STATES DISTRICT**

                             **COURT – CENTRAL DISTRICT**

27

28

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

1

2

## EXHIBIT "A"

3

## NONDISCLOSURE AGREEMENT

4

5

6

7

8

9

10

11

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Mimi Benzicron vs. Julian Ledesma et al.*, United States District Court for the Central District of California, Civil Action No.: CV 13-04537-CAS (MRW), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

12

DATED: _____            Signature: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL